# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20936-GAYLES

**TITA NYAMBI**,

    Plaintiff,

v.

**SALES ASSOCIATE OSCAR, et al.**,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** came before the Court upon a *sua sponte* examination of the record. Because it appears that the Court does not have subject matter jurisdiction over this action, the case must be dismissed.

This case arises out of a transaction at a MetroPCS store in Miami Beach, Florida. Plaintiff alleges that a sale associate at that store "fraudulently doctored customer receipts to deprive [Plaintiff] of a portion of [Plaintiff's] money, lied to cover it up, [and] purposefully and willfully sabotaged [Plaintiff's] customer experience and transaction." Compl. ¶ III.F. Plaintiff seeks a refund of $101.59 and additional damages of $100,000.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). To that end, "[a] federal court may raise jurisdictional issues on its own initiative at any stage of

litigation." *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

The Federal Rules require that a plaintiff's Complaint contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). It is the plaintiff's obligation to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007); *accord Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty & Surety Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)) ("When prosecuting a suit in federal court, '[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'").

Plaintiff files his Complaint on the standard form for diversity jurisdiction. "For federal diversity jurisdiction to attach, all parties must be completely diverse, and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). For a natural person, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity." *Taylor*, 30 F.3d at 1367. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and

2

permanent home and principal establishment, and to which he has the intention of returning." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (citations and internal quotation marks omitted). Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, Plaintiff alleges that all Defendants are Florida citizens, and although he asserts damages in the amount of $100,000, it appears the amount in controversy is actually $101.59. The federal court does not have jurisdiction to hear this case. Plaintiff may refile in the appropriate state court having jurisdiction over this dispute.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED** for lack of subject matter jurisdiction, and the matter is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of March, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE